

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2007

# Iyer v. Comm IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1539

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Iyer v. Comm IRS" (2007). *2007 Decisions*. Paper 625.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/625

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1539
_____

DEV IYER,
Appellant

v.

MARK W. EVERSON, COMMISSIONER OF INTERNAL REVENUE; JOHN P.
SNOW, SECRETARY, DEPARTMENT OF THE TREASURY
_____

On Appeal from the Order of the United States
District Court for the Eastern District of Pennsylvania
E.D. Pa. Civ. No. 04-cv–02259
District Court Judge:  Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
July 27, 2007
Before: RENDELL, HARDIMAN AND COWEN, <u>CIRCUIT JUDGES</u>

(Filed : August 3, 2007)

_____

OPINION
_____

PER CURIAM

Dev Iyer, proceeding <u>pro</u> <u>se</u>, appeals from an order of the United States District

Court for the Eastern District of Pennsylvania granting partial summary judgment for

Mark Everson, Commissioner of Internal Revenue, and John Snow, Secretary of the

Department of the Treasury (together, the "IRS") on an employment discrimination claim.

Iyer also challenges a jury instruction given by the District Court at his subsequent trial. We will affirm.

Through counsel, Iyer filed a complaint against the IRS claiming discrimination based upon his race, religion, sex, national origin, and age under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). Iyer identified himself as a colored Asian, Asian Indian, Hindu, and forty-six years old at the time of the alleged unlawful acts. Iyer also asserted retaliation, hostile work environment, and sexual harassment claims.

The District Court granted the IRS' motion for partial summary judgment on Iyer's EPA claims, his discrimination and retaliation claims related to his application for an attorney position, his sexual harassment claim, and some of his discrimination claims related to his application for an industry economist position. Iyer's remaining claims went to trial, and the jury returned a verdict for the IRS. The District Court denied Iyer's motion to vacate the verdict. The issues before us in this appeal are whether the District Court erred in granting summary judgment on Iyer's claims related to his application for the attorney position, and whether the District Court erred in instructing the jury, after a juror asked whether jury members could be subject to retaliation.

We review the District Court's grant of summary judgment de novo. Fasold v. Justice, 409 F.3d 178, 183 (3d Cir. 2005). The record reflects that Iyer began working as

2

an IRS revenue agent in 1991. In 1998, Iyer received a job reassignment, and he filed a complaint with the Equal Employment Opportunity Commission. Iyer also filed other EEOC complaints. It is unclear from the record how his complaints were resolved.

In December 2000, Iyer saw a posting at Villanova University Law School for an attorney position in the IRS Office of Chief Counsel in the Philadelphia Small Business/ Self-Employed Division. The posting stated that the IRS was seeking applicants who had recently completed or were currently enrolled in an LLM taxation program, and who were interested in taxation and litigation. The posting stated that experience was preferred, but not absolutely necessary. Iyer was admitted to the bar, but had no litigation experience, had not practiced as a lawyer or clerked for a judge, and had received one grade of F and at least two Ds at Temple University Law School. He did not have a LLM. Iyer applied for the position, but he was not asked to interview.

Harvey Kesselman, IRS Area Counsel, prepared a memorandum to Thomas Thomas, the selecting official, recommending that Thomas hire two other applicants, James Beyer and Jeffrey Venzie. Beyer graduated cum laude from Temple University Law School, and he had worked as an attorney for the IRS since 1987. Beyer's experience included estate tax work and labor litigation. Venzie graduated from Widener University Law School, where he worked on a law journal. Venzie worked for a law firm, clerked for a judge, and was enrolled in a LLM taxation program. Venzie's law school grades were not strong, but he had grades of A and B in the LLM program. Based on Kesselman's memorandum, Thomas approved hiring Beyer and Venzie. Thomas did

3

not interview the candidates, and he did not know the other applicants' names.

Absent any evidence of direct discrimination, the District Court properly evaluated Iyer's discrimination claims under the McDonnell Douglas[1] burden-shifting framework. We agree with the District Court that Iyer did not establish a prima facie case of discrimination because he did not present evidence of circumstances that raise an inference of discriminatory action. See Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003) (setting forth elements of prima facie case). Iyer was required to establish some causal nexus between his membership in a protected class and the decision not to hire him. See id. at 798. But Iyer's evidence of discrimination consisted solely of his own assertion that he was not hired because of his age, race, national origin, or religion. See id. As noted by the District Court, there is no evidence of Beyer's or Venzie's age, race, national origin, or religion, other than Iyer's testimony that Beyer is white. And Iyer submitted evidence establishing that Kesselman did not know Iyer's race, national origin, or religion when he reviewed the job applications.[2]

The District Court also did not err in granting summary judgment on Iyer's claim that he was not hired for the attorney position in retaliation for his EEOC complaints.

---

[1]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

[2]The District Court also held that Iyer did not establish a prima facie case of discrimination because he was not qualified for the attorney position. We disagree. Thomas testified that the minimum job requirement was admission to the bar, and that a minimum GPA in law school and a LLM were not required. The posting stated that experience was not necessary.

4

Iyer engaged in a protected activity in filing his EEOC complaints. And the IRS took an adverse employment action in not hiring him. But Iyer did not establish a link between his EEOC complaints and the fact that he was not hired. See Sarullo, 352 F.3d at 800 (setting forth elements of prima facie case of retaliation). As the District Court recognized, Iyer presented no evidence that Kesselman knew about his EEOC filings when he reviewed his job application.

We also agree with the District Court that, even if Iyer established prima facie cases of discrimination and retaliation, he would not have survived summary judgment because he did not present evidence from which a factfinder could infer that the IRS' non-discriminatory reason for not hiring Iyer was a pretext. Id. at 799-800. The IRS relied in District Court on the fact that Thomas did not know about Iyer when he decided to hire Beyer and Venzie. Although Iyer argues that it was Kesselman who discriminated against him by not offering him an interview, Iyer produced Kesselman's affidavit, which stated that he did not recommend Iyer for an interview because his law school grades were poor. Kesselman further attested that, when he reviewed the applications, he did not know Iyer's race, religion, or national origin. And Iyer testified that, when he applied for the position, he had not met Kesselman. There is nothing in the record raising a doubt about Kesselman's reason for not offering Iyer an interview.[3]

_____

[3]Iyer also argues in his brief that the IRS' job posting was discriminatory because, by seeking candidates who recently completed or were currently enrolled in an LLM program, the IRS was seeking younger candidates. And Iyer argues that Villanova University graduate students are predominately white. The District Court correctly

5

On the juror issue, Iyer contends that the District Court mishandled a juror's question about potential retaliation, and that the District Court should have dismissed the juror who asked the question. The trial transcript reflects that a juror asked the deputy clerk how the jury could be sure that they would not be retaliated against. The District Court Judge reported the question to the attorneys, told them she did not know which juror asked the question, and asked the attorneys how they would like to respond.

The United States Attorney represented that the IRS did not have the jurors' names. Iyer's lawyer stated, "Well, you should tell the jury that the IRS Management doesn't have their identities." Supp. App. at 139. The District Court reviewed a jury instruction with counsel, and then told the jurors that they would not have to account for their verdict or explain their verdict to anyone. The District Court stated, "And as far as who you are, after we choose you, the only person that knows who you are, is I. In other words, the – what's known as the jury sheets are no longer in the possession of any of the parties." Supp. App. at 144-45.[4]

We conclude that the District Court did not err in its handling of the juror's question. The District Court's instruction addressed the juror's concern, and Iyer's lawyer agreed that an instruction was an appropriate response. Contrary to Iyer's

---

concluded that, to the extent Iyer brought a disparate impact claim, he presented no evidence in support of such a claim.

[4]The District Court also mentioned that the deputy clerk knew their identities.

6

argument, there is no basis to conclude that the jury's verdict was a result of the jurors' fear of the IRS.

Accordingly, we will affirm the District Court's judgment.[5]

---

[5]Iyer's motion for sanctions against the IRS is denied.